UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81340-CIV-MARRA/MATTHEWMAN

EDEN DAY SPA, INC., a Florida
corporation, individually and as the
representative of a class of similarly
situated persons,

Plaintiff,

vs.

MORRIS D. LOSKOVE d/b/a LOSKOVE
INSURANCE AGENCY and JOHN DOES
1-10,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Complaint (DE 12). Plaintiff has filed a response (DE 16). No reply memorandum has been filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Eden Day Spa, Inc. ("Plaintiff") brings this class action complaint pursuant to the federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA") against Defendant Morris D. Loskove ("Defendant"). (Compl., DE 1.)  According to the allegations of the Complaint, Defendant transmitted an unsolicited fax to Plaintiff on November 4, 2010. (Compl. ¶ 11.)  A copy of the fax is attached to the Complaint and states the following:

"Watch out! Behind Your Back They'll Rob You Blind ......

I still have trouble believing how much I was being overcharged.  And to think, this time last year I was so convinced I had a great deal.

**"I should have been paying closer attention to their sneaky price increases"**

"Do you know why insurance companies 'stick you' with such high prices?"

**"It's because they know you're lazy"**

"They know the bottom line is most busy people buy a policy, throw it in a drawer, and forget about it."

"And since you're too busy to review your coverage you've probably never noticed how they've 'jacked up' your prices as you got older."

"**No wonder they make such a killing!"**

In fact, when I stopped to think about it, I was curious to know if I had fallen into the same trap by not reviewing my own coverage.

But instead of being stubborn, I dug out my policy and was shocked to find that my prices had started to skyrocket. "Wow! Was I being ripped off!"

**"At last, an easy way out!"**

I read about a guy in a financial magazine who cut his insurance costs in half.

Being curious, I called the 888# to get copy of the report mentioned in the article.

When the report came . . . "I finally understood what I, (and everyone else) was doing wrong!"

In fact, I found out after reading it that I had been getting robbed for years.

**"If I only would have known their dirty little secret sooner."**

I guess the agent who sold me my policy was more concerned about making a big, fat commission than doing what was best for me.

Little did I know that there are over 1,893 companies who sell insurance, but only a handful do it cost effectively. Fortunately, this report identifies those companies that specialize in offering cost effective coverage and gives you a comparison of some top policies so that you can make your own decision.

2

> "If you're not sure if you are being overcharged for your life insurance, I advise you to call the number below.  Get a copy of this eye-opening report for yourself."
>
> **"After all, wouldn't you like to know if you're being ripped off?"**
>
> "To get your free copy of this report, **call toll free, 1-888-368-8337, 24 hours**, for a free recorded message.  There is no charge for this service.  And most importantly there is no one on the telephone to hassle you."

(Fax, Ex. A to Compl., DE 1-1).

Defendant moves to dismiss on the basis that the JFPA only applies to faxes promoting a commercial good or service and this fax does not fall under that rubric.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a

plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

    III.  Discussion

    The JFPA prohibits the use of a fax machine to send unsolicited advertisements.  47 U.S.C. § 227(b)(1)(C).  An unsolicited advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).  "Courts have interpreted the word 'commercial' to refer to the buying or selling of goods or services." Neurocare Institute of Central Florida, P.A. v. Healthtap, Inc., 8 F. Supp. 3d 1362, 1367 (M.D. Fla. 2014) (citing Phillips Randolph Enters., LLC v. Adler–Weiner Research Chicago, Inc., 526 F. Supp. 2d 851, 852 (N.D. Ill. 2007); Rudgayzer & Gratt v. Enine, Inc., 779 N.Y.S.2d 882, 885 (N.Y. Sup. App. 2004)).  "Further, the Federal Communication Commission ("FCC") recognizes that services which are ostensibly free may serve as a mere pretext for commercial services." Id. (citing In re Rules and Regs. Implementing the Tel. Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005, 21 F.C.C.R. 3787, 3814 (Apr. 6, 2006); G.M. Sign, Inc. v. MFG.com, Inc., No. 08–C7106, 2009 WL 1137751, at *2 (N.D. Ill. Apr. 24, 2009)).  "[F]acsimile messages that promote goods or services even at no cost, such as free magazine subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition" and must be distinguished from "facsimile communications that contain only information, such as industry news articles, legislative

updates, or employee benefit information." Implementing the Tel. Consumer Protection Act, 21 F.C.C.R. at 3814–15.  Examples of messages that do not fall under the purview of this Act include: 1) informational messages; (2) transactional messages; (3) non-commercial messages from non-profit organizations; and (4) non-advertisement messages with an incidental amount of advertising. Id. at 3810-26.

According to Defendant, the fax is not an advertisement, but instead simply provides notice of the availability of a free report.  Defendant characterizes the fax as providing an opportunity to obtain a benefit, rather than promoting a property, good or service.  In contrast, Plaintiff claims this fax is an advertisement and that the JFPA applies to faxes that promote goods or services at no cost.  Moreover, Plaintiff points out that the FCC has ruled that "free" seminars may be advertisements if they "serve as a pretext to advertise commercial products and services" and that faxes promoting "'free' publications are often part of an overall marketing campaign to sell property, goods, or services."  21 F.C.C.R. at 3814.

The Court finds that conducting an analysis as to whether the fax was part of an overall marketing campaign, and therefore is an advertisement, will require an inquiry that goes beyond the four corners of the Complaint.  On the face of the complaint, however, the facsimile could be construed as an advertisement for goods and services since it states: "[T]here are over 1,893 companies that sell insurance, but only a handful do it effectively.  Fortunately, this report identifies those companies that specialize in offering cost effective coverage and gives you a comparison of some top policies so that you can make your own decision."  This statement could be construed as a means to attempt to sell one of the "top policies." Without the benefit of a more developed record, the Court cannot determine, as a matter of law, that the facsimile does

not meet the statutory definition of an advertisement.  Defendant may re-assert this argument at the summary judgment stage.

For the foregoing reasons, the Court denies Defendant's motion to dismiss the Complaint.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint (DE 12) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 2015.

_____
KENNETH A. MARRA
United States District Judge